Citation Nr: 1714097 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 11-00 794 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include schizophrenia.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Smith-Jennings, Associate Counsel


INTRODUCTION

The Veteran served on active duty from December 1983 to April 1984.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a December 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico, which found new and material evidence had not been received to reopen the claim for service connection for schizophrenia.

In a July 2014 decision, the Board reopened the claim for service connection for schizophrenia and recharacterized the issue as service connection for a psychiatric disorder, to include schizophrenia. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). The Board remanded the claim for additional development in July 2014 and December 2016. The case now returns to the Board for appellate review. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 38 U.S.C.S. § 5103A (LexisNexis 2017); 38 C.F.R. § 3.159 (2016).

The Veteran is seeking service connection for an acquired psychiatric disorder, to include schizophrenia, which he contends is related to his active service.

The Veteran entered active duty in December 1983 and no psychiatric abnormalities were noted at entrance. See Enlistment Report of Medical History; Enlistment Report of Medical Examination. Approximately 30 days into active duty, a medical board was convened. The medical board prepared a report discussing that the Veteran had been diagnosed with schizophreniform disorder catatonic. The Veteran was separated from service shortly thereafter in April 1984.

A VA examination was conducted in July 2005. There, the examiner opined that the "Veteran is not psychotic, and has clear intentions to get compensation, the focus of his claim. This case could be considered a malingering or a very strong characterological disorder."

Another VA examination was conducted in February 2006. There, the VA examiner diagnosed the Veteran with depressive disorder, not otherwise specified. The examiner opined that the Veteran's depressive disorder "... is not considered etiologically related to his in-service mental health described symptoms, conditions and diagnosed psychiatric condition." No rationale was provided for the examiner's opinion that depressive disorder was not etiologically related to the Veteran's period of active service.

The examiner went on to discuss the Veteran's earlier diagnosis of schizophrenia. The examiner concluded that the diagnosis of schizophreniform disorder was correct. However, the examiner believed that schizophrenia probably preexisted service. Again, the examiner provided no rationale for that assertion.

In March 2010, Dr. Adrover reported that he had treated the Veteran for a number of conditions related to catatonic schizophrenia. The Board construes this statement to mean that Dr. Adrover considers the Veteran to currently suffer from schizophrenia. See Board decision, 4-5 (July 2014).

In July 2014, the Board remanded the appeal and directed the AOJ to perform a VA examination. In pertinent part, the Board requested that, if the examiner found that a diagnosis of schizophreniform disorder is not appropriate, "the examiner should precisely explain why such a diagnosis is not appropriate."

In response to the July 2014 remand, a VA exam was conducted in September 2014. There, the examiner diagnosed the Veteran with major depressive disorder, in partial remission, recurrent and unspecified anxiety disorder. The examiner opined that there is no indication that these disorders are related to the schizophreniform disorder diagnosed during the Veteran's service. The rationale was that the Veteran reported that he recovered from schizophrenia shortly after service and that his current symptoms of depression started around 2003, approximately 20 years later. The examiner noted that such a complete recovery from schizophrenia is atypical. The examiner further explained that the Veteran's significant concerns over physical health problems, to include asthma, likely contribute to his anxiety symptoms.

In December 2016, the Board remanded the appeal and directed the AOJ to obtain an addendum VA opinion. In pertinent part, the Board requested that the examiner address Dr. Adrover's favorable March 2010 statement, which suggests a current diagnosis of schizophrenia. The Board also requested that the examiner address whether the Veteran has had schizophreniform disorder at any time during the pendency of the appeal and explain why he predicated his unfavorable opinion, in part, upon the Veteran's report that his in-service schizophrenia resolved immediately after service, despite noting that such complete recovery is atypical. 

In response to the December 2016 remand, the same VA examiner provided an addendum opinion in which he opined that the Veteran did not have a schizophreniform disorder at any time proximate to, or since the October 2008 claim for service connection. The examiner stated that the Veteran's primary diagnoses have been related to a depressive disorder and did not include symptoms of schizophrenia, psychosis, or schizophreniform disorder. The rationale was that symptoms of schizophrenia, psychosis, schizophreniform disorders are usually very noticeable and prominent as they are considered rather severe symptoms/disorders and complete recovery is atypical. 

The examiner also opined that the diagnosis made in 2010 was inappropriate. Most diagnosed with schizophreniform disorder go on to develop and receive a diagnosis of schizophrenia. Symptoms include delusions, hallucinations, disorganized speech, odd/strange behavior etc. The Veteran did not report these symptoms when he was seen at the San Juan VA for treatment or during his C&P examination. The examiner further opined that the aforementioned rationale also supports the additional opinion that it is less likely than not that any psychiatric disorder present at any time during, or proximate to, the pendency of the appeal was incurred in or chronically aggravated by the Veteran's period of active service (from December 1983 to April 1984).
 
The evidence of record includes multiple diagnoses of psychiatric disorders, including major depressive disorder, unspecified anxiety disorder, and schizophreniform disorder. The Board acknowledges that the September 2014 VA examiner opinion states that that there is no indication that the Veteran's disorders are related to the schizophreniform disorder diagnosed during the Veteran's service, and the December 2016 VA examiner opinion states that the Veteran did not have schizophreniform disorder/schizophrenia during the pendency of the appeal and therefore it is less likely than not that any psychiatric disorder present at any time during, or proximate to, the pendency of the appeal was incurred in or chronically aggravated by the Veteran's period of active service. However, given the December 2016 examiner's suggestion that the Veteran's diagnosis of schizophreniform disorder in 2010 and during his military service was inaccurate, a remand is needed to clarify whether the Veteran has a current psychiatric diagnosis that is distinct from that with which he was diagnosed during service, and if so, whether such disorder is related to service. Accordingly, the Board finds that an additional VA examiner opinion is necessary to determine the nature and etiology of all mental disorders suffered by the Veteran. 

Accordingly, the case is REMANDED for the following action:

1. Request that the Veteran provide or authorize VA to obtain records of his relevant treatment that have not yet been associated with the claims file, and associate with the claims file any outstanding VA treatment records.

2. After completing the development requested above, send the claims file to the same VA psychiatrist to determine the nature, etiology, and date of onset of any psychiatric disorders that were diagnosed during the appeal period, to include major depressive disorder, unspecified anxiety disorder, and schizophreniform disorder. If a VA examination is deemed necessary to answer the questions presented, one should be scheduled. The claims file should be made available to the examiner and review of the file should be noted in the requested report. The examiner should record the full history of the identified disorders, including the Veteran's competent account of his symptoms. Following review of the claims file and examination of the Veteran (if an exam is necessary), the examiner should respond to the following:

 (a) Please identify all current psychiatric disorders, specifically indicating whether the Veteran currently has a disorder under the DSM IV and DSM 5. 

 (b) For each psychiatric disorder diagnosed during the period on appeal, no matter whether it is currently resolved or not, is it at least as likely as not (50 percent probability or more) that it had its onset in service or within one year of his separation from service, or is otherwise related to service? 
 
 (c) In formulating the requested opinions, please specifically acknowledge and discuss the psychiatric diagnoses of record, including major depressive disorder, unspecified anxiety, and schizophreniform disorder. Please also state specifically whether the Veteran's acquired psychiatric disorder diagnosis is distinct from the psychiatric disorder which the Veteran was diagnosed with during active duty.

In determining whether the Veteran meets the criteria for a current psychiatric diagnosis, please consider medical and lay evidence dated both prior to and since the filing of the April 2007 claim for service connection. Please note that although the Veteran may not meet the criteria for a psychiatric diagnosis at the present time, diagnoses made prior to and since the date of claim filing meet the criteria for a "current" diagnosis. Please also note that the Veteran is competent to report symptoms, treatment, and injuries, and that his reports must be taken into account in formulating the requested opinions.

In determining whether the Veteran meets the criteria for a current psychiatric diagnosis, please also consider that the Veteran's entrance exam did not indicate that he had a psychiatric disorder and the evidence of records includes a December 2016 VA exam opinion which states that the Veteran's pre-military functioning and functioning prior to his hospitalization during the military were unremarkable, which rules out the notion of a pre-existing psychiatric condition; there is no clear and unmistakable evidence to demonstrate such a disability existed prior to service.

All findings and conclusions should be supported with a complete rationale and set forth in a legible report, which should reflect the examiner's consideration and analysis of both the medical and lay evidence of record. If it is not possible to provide an opinion without resort to speculation, the reason that is so should be explained, indicating whether there is additional evidence that could enable an opinion to be provided or whether the inability to provide an opinion is based on the limits of medical knowledge. 

3. Readjudicate the claim on appeal. If the benefits requested on appeal are not granted in full, the Veteran and his representative should be furnished a Supplemental Statement of the Case and provided an opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order. By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.S. §§ 5109B, 7112 (LexisNexis 2017).



_________________________________________________
S.C. KREMBS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.S. § 7252 (LexisNexis 2017), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).